## PROOF OF NOTICE TO CITY OF DANGEROUS CONDITION IN STREET.

Court of Appeals for Hamilton County.

ETTA M. DIETZ v. THE CITY OF CINCINNATI.*

Decided, February 28, 1916.

*Charge of Court—As to Evidence of Constructive Notice—Previous Accident at the Same Place and from the Same Cause—Competent as Tending to Show Knowledge of the Municipality of the Existence of a Dangerous Condition.*

In an action against a municipality for injuries from falling into a manhole alleged to have been covered with a lid which tilted when stepped upon, it is prejudicial error to charge the jury that evidence to the effect that other persons had fallen into the same hole, previous to the accident to plaintiff, could not be considered for the purpose of showing constructive notice to the city of the defective and dangerous condition of said lid.

*Thos. L. Michie, James J. McCartin* and *H. P. Karch,* for plaintiff in error.

*Walter M. Schoenle,* City Solicitor; *Saul Zielonka,* Assistant City Solicitor, contra.

GORMAN, J.

Plaintiff in error brought an action against the defendant in error in the Superior Court of Cincinnati to recover damages for personal injuries claimed to have been sustained by her by the turning of an iron lid or covering on the manhole of a sewer inlet on the sidewalk on Watson street in the city of Cincinnati. She claimed that in walking along the sidewalk she stepped on the side of this iron covering, and by reason of the same being defective and worn it turned under her foot, causing her to be thrown into the manhole, resulting in serious injuries. A verdict was returned for defendant and judgment was entered

---

*Motion to require the Court of Appeals to certify its record overruled by the Supreme Court, May 22, 1916.

thereon, and error is prosecuted to this court to reverse the judgment.

The bill of exceptions before us does not purport to contain all the evidence, but is in the short, narrative form.   It recites that the evidence tended to show that on two different occasions before the date of the fall suffered by the plaintiff, to-wit, December, 1911, and four years prior to the trial, other persons had stepped upon the said lid, and it had turned and caused them to fall, and that said lid and sewer inlet were in practically and substantially the same condition when the plaintiff fell as the lid had been at the different times when it had tilted, on former occasions and caused other persons to fall when it was stepped upon.

Objection is made to the general charge of the court with reference to this evidence.   The language of the court referred to is as follows:

"There was certain evidence in this case tending to show that other persons had fallen through this sewer top, and the time of such incidents was given in the testimony of certain witnesses. I will say to you that the fact, if fact it be, that certain persons had fallen at prior dates does not tend to show notice to the city of Cincinnati of a condition of defect, or of any condition at that time.   This evidence you will take as bearing only upon the question of whether or not, if you find the defect to have existed at the time of plaintiff's accident, such defect did actually exist at these prior times.   In other words, the testimony, to which I refer bears not upon notice to the city, but bears, as I say, upon the condition of the sewer top and the length of time for which such condition existed."

A general exception was taken to the charge of the court, and the sole ground of error complained of is that that part of the general charge above set out was prejudicial to the plaintiff in error, and requires a reversal by this court of the judgment below.

In the case of *Village of Ashtabula* v. *Bartram*, 3 C. C., 640, it is held that:

"Testimony that other vehicles and persons had been precipitated down the hill, at the point in question, at other and

prior times, and when the fence was in the same condition substantially as when the accident to the plaintiff occurred, is, in such case, admissible to prove the dangerous character of the place for want of such barrier, and knowledge thereof by the defendant; but not to prove negligence on the part of the defendant, nor care and prudence on the part of the plaintiff.''

In *Brooklyn Street Ry. Co.* v. *Kelley*, 6 C. C., 155, it was held:

''It is proper to show that other cars had left defendant's track at or about the place where the accident complained of occurred, for the purpose of showing notice to defendant of the liability of cars to leave the track at that point, and also of showing the dangerous condition of the track at that point.''

In *City of Circleville* v. *Sohn*, 20 C. C., 368, it was held:

''In an action against a municipal corporation to recover damages for an injury alleged to have been caused by slipping and falling at an alley crossing, and evidence having been offered tending to show that the alley crossing had been substantially in the same condition for a number of years, and that during that time divers persons had slipped or fallen at that point, the court should at the time said testimony is received, then instruct the jury that such testimony can only be used by them for two purposes: first, as tending to show the defective condition of the alley crossing, at the point where the plaintiff claimed to have received her injury; and, second, as tending to show that the city authorities had knowledge or should be charged with knowledge of such defective condition.''

The same rule is laid down in *Brewing Co.* v. *Bauer*, 50 O. S., 560, where the court says:

''Such evidence is only competent to prove the defective character of the machine, and the employer's knowledge of the fact.''

The same rule is laid down in the following cases: *Evans* v. *Erie R. R. Co.*, 213 Fed., 133 (a decision of the U. S. Circuit Ct. of App. of this Dist.) ; *Dist. Columbia* v. *Armes*, 107 U. S., 519; *Chicago & N. W. Ry. Co.* v. *Netolicky*, 67 Fed., 665; *Patton* v. *Southern Ry. Co.*, 82 Fed., 979.

It would appear that the trial court erred in limiting the evidence above referred to, to show the condition of the manhole top at the times when other persons claimed to have fallen at this place, and specifically charging the jury that they could not consider this evidence for the purpose of showing knowledge on the part of the city authorities.

We are further of the opinion that this error was so prejudicial to the plaintiff, who was endeavoring to establish constructive notice to the city, that the judgment should be reversed and the cause remanded for a new trial.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.